## W. M. GLENN v. EMMA ERATH.

### No. 15,957.

NOTICE—*Pendency of an Action.* A finding that a defendant served by publication did not have actual notice of the pendency of the action in time to defend held conclusive on review.

Error from Greeley district court; CHARLES E. LOB-DELL, judge. Opinion filed October 9, 1909. Affirmed.

*George A. Kline,* and *Lee Monroe,* for the plaintiff in error.

*D. R. Beckstrom,* for the defendant in error.

*Per Curiam:* This is an appeal from an order of the district court of Greeley county opening the judgment and allowing the defendant, Emma Erath, to come in and defend. The principal question involved in the proceeding is whether she had notice of the pendency of the foreclosure suit to which she was made a party defendant and in which her rights to the land were barred in time to answer and defend, she having been served by publication. There was only circumstantial evidence to prove that she had such notice, and there was direct evidence that she did not have the notice. The court below found in her favor on the question of fact, and its finding can not be reviewed here.

Again, it is contended that the plaintiff in the foreclosure suit would have been entitled to judgment for taxes paid even if his tax deed had been declared void

in that suit, and that, deducting the amount of such taxes and interest from the price which the land brought at the foreclosure sale, the defendant would have nothing left, and that the reopening of the case would not be beneficial to her and should not be allowed. The allegations of her answer, however, are sufficient, if sustained, to set aside the sheriff's deed to Glenn in the foreclosure suit, as well as the tax deed.

The order is affirmed.